**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 13-1989

———

UNITED STATES OF AMERICA

v.

LUIS ANTONO VENTURA-SAENZ,
KA Luis Antonio Ventura-Saenz,
AKA Luis Antonio Ventura,

Luis Antono Ventura-Saenz,
                        Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2:12-cr-00648-001)
District Judge: Honorable Susan D. Wigenton

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2013

Before: JORDAN, VANASKIE, and VAN ANTWERPEN, *Circuit Judges*

(Filed: January 8, 2014 )

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

Luis Antono Ventura-Saenz[1] ("Appellant") appeals to this Court seeking relief from the 41 month sentence he received when he pled guilty to illegally reentering the United States following deportation under 8 U.S.C. § 1326(a), (b)(2).[2] Specifically, Appellant claims his medical condition and familial connections make the sentence substantively unreasonable and justify a reduction under the § 3553(a) sentencing factors, and resentencing. For reasons that follow, we affirm the District Court.

## I.

Appellant, a citizen of El Salvador, illegally entered the United States across the Mexican border in 1992 at age 15. After briefly attending high school in New Jersey, he worked a number of low wage jobs to support his family, including his mother and

---

[1] Also known as: Luis Ventura-Saenz; Luis Antonio Ventura.

[2] Appellant was charged with illegally reentering the United States after deportation subsequent to a conviction for the commission of an aggravated felony. 8 U.S.C. § 1326(a).

> [A]ny alien who—
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

*Id.* When the original removal was due to conviction for an aggravated felony, penalties include "fine[s] under such title, imprison[ment] not more than 20 years, or both . . . ." *Id.* § 1326(b)(2).

sister.[3] On October 10, 2003 Appellant married and soon thereafter had a daughter, who, at the time of his sentencing, was eight years old.[4] Appellant was arrested on May 28, 2004 in possession of almost three kilograms of cocaine and charged with conspiracy to import cocaine in violation of 21 U.S.C. §§ 952,[5] 960(b)(2)(B), and 963.[6] Following his arrest, Appellant admitted to picking up on four occasions from Newark Liberty International Airport hammocks that had cocaine concealed in wooden supports. On November 22, 2004, Appellant was convicted and sentenced to 37 months imprisonment. During his original prison term, Appellant contracted Pemphigus Vulgarus, an autoimmune disease that causes severe blistering of the skin, including the head, mouth, and genitalia.[7] On March 30, 2007, upon completion of the sentence, Appellant was removed to El Salvador.

---

[3] Jobs undertaken during Appellant's two periods in the United States included retail stores (Blimpie's, Tommy Hilfiger), factory/warehouse work (Norison Rug Co., American Pleat), trucking (Diana's Trucking Corp., Luigy's Trucking Corp.—founded by Appellant), and installation (Empire Today).

[4] Appellant and his wife were later divorced upon her return to the United States from El Salvador with their daughter.

[5] The relevant portion is as follows:

> It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter . . . or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter . . . .

21 U.S.C. § 952(a).

[6] Appellant was also convicted in 1998 of receiving stolen property and received a fine.

[7] Appellant claims diagnosis of the disease was slow to develop, leading to a month-long hospitalization in El Salvador following his removal in 2007.

At some point prior to December 14, 2011, Appellant illegally reentered the United States from El Salvador. On December 15, 2011, he was stopped and arrested by the East Rutherford, New Jersey police for driving with a suspended/revoked license, failing to possess a driver's license, and failure to provide an insurance card. An Indictment was then filed pursuant to 8 U.S.C. § 1326(a), (b)(2), for illegally reentering the United States after deportation subsequent to a conviction for the commission of an aggravated felony.

Appellant pled guilty per a written plea agreement.[8] In his pre-sentencing filings, Appellant requested a sentence at the bottom of the Presentence Report ("PSR") range of 41-51 months. (Appendix vol. III, at SA3.) Later, before the Sentencing Court, Appellant requested that his sentence be fulfilled by time served, citing, amongst other factors, his medical condition.[9] The Court, considering the issues raised, sentenced Appellant to 41 months imprisonment,[10] at the bottom of the Guidelines range, and this appeal followed.

**II.**

---

[8] Dated January 18, 2012, the agreement preserved the right of Appellant to appeal to this Court.

[9] The Government points out that Appellant accepted the PSR in a letter brief and orally in open court. Furthermore, it notes that no mention of this medical condition was made in Appellant's filings before sentencing.

[10] The Sentencing Guidelines calculation, adopted from the PSR, calculated a total offense level of 21, providing a sentencing range, as a Category II offender, of 41-51 months. Appellant was given a base level of 8 for violating 8 U.S.C. § 1326(a) plus 16 for deportation after a conviction of a drug trafficking offense for which the sentence was greater than 13 months, less 3 for acceptance of responsibility and timely notification of intent to plead guilty. (PSR ¶¶ 14-24.)

The District Court had jurisdiction over the matter under 18 U.S.C. § 3231. This Court has jurisdiction over the challenge of a sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Regardless of whether the sentence imposed is inside or outside the Guidelines range, the Appellate Court must review the sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 52 (2007). A district court's ruling can only be reversed under an abuse-of-discretion standard if the decision was arbitrary, irrational, fanciful, clearly unreasonable, or if the decision was based on a "clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Carrera v. Bayer Corp.*, 727 F.3d 300, 305 (3d Cir. 2013). The review undertaken is for both procedural and substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

To determine procedural reasonableness, we engage in a three-step review of the sentencing process undertaken by the District Court to determine if it: (1) properly calculated a defendant's Guidelines sentence; (2) formally ruled on any departure motions; and (3) exercised discretion by considering the relevant 18 U.S.C. § 3553(a) factors. *United States v. Gunter,* 462 F.3d 237, 247 (3d Cir. 2006). Meaningful consideration must be given to these factors by the Sentencing Court, and while every issue need not be raised and reasoned, the Court must demonstrate it took the factors into account in determining and applying a sentence. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). If the asserted procedural error is purely factual our review is highly deferential and we will conclude there has been an abuse of discretion only "[i]f the

5

district court's findings are clearly erroneous." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir 2008) (citing *Gall,* 552 U.S. at 50).

"In addition to being procedurally reasonable, a sentence must also be substantively reasonable." *United States v. Lessner,* 498 F.3d 185, 204 (3d Cir. 2007). We will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko,* 562 F.3d at 568. Thus, we review "whether the District Court reasonably applied the § 3553(a) factors to the particular circumstances of the case." *See United States v. Cooper,* 437 F.3d 324, 330 (3d Cir. 2006) (abrogated on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007)). We review the District Court's application of the § 3553(a) factors under a deferential standard since the trial court is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id.* at 330. The party challenging the sentence has the burden of persuading us that it is unreasonable. *Id.* at 332.

## III.

On appeal, Appellant ostensibly raises one challenge, the substantive unreasonableness of the 41 month sentence imposed by the District Court. Nonetheless, his brief actually challenges the Court's execution of the third prong of the procedural reasonableness test and its application to the facts (substantive reasonableness). Appellant contends that the District Court failed to consider the mitigating factors in conjunction with § 3553(a) that supported a request for time served. The imposition of a sentence within the Guidelines, he argues, is excessively punitive. We find the record here

6

adequately demonstrates the District Court properly calculated the Guidelines, gave meaningful consideration to the pertinent § 3553(a) factors and reasonably applied them to the facts of the case.

Appellant, a category II criminal for his prior offense,[11] was given a Base Offense Level of 8 under U.S.S.G. § 2L1.2(a) plus a 16-level enhancement pursuant to § 2L1.2(b)(1)(A).[12] This subtotal was then reduced by three for Appellant's acceptance of responsibility.[13] Appellant did not contest this calculation in his sentencing brief but later raised it orally before the District Court, stating, "although it is an appropriate calculation under the Guidelines, that he receive three [criminal history] points for that conviction . . . [it] overstates [Appellant's] criminal history and puts him in a category that is far greater than the person that is actually before this Court." (Appendix vol. II at A27-A28.) We believe the calculations as adopted were supported by the Sentencing Guidelines and his objection was satisfactorily dismissed by the Court.[14] Thus, the first prong of procedural reasonableness was met.

---

[11] Appellant's criminal history under U.S.S.G. ch. 5 pt. A qualified him for a criminal history category of II. (PSR ¶ 32.)

[12] The provision provides a base level of 8 for "unlawfully entering or remaining in the United States" and adds 16 if the original removal occurred after "a conviction for a felony that is (i) a drug trafficking offense for which the sentenced imposed exceeded 13 months . . . increase[d] by 16 levels if the conviction receives criminal history points under Chapter Four . . . ." U.S.S.G. §§ 2L1.2(a), (b)(1)(A). Appellant was given three "criminal history points" for his prior trafficking crime pursuant to U.S.S.G. § 4A1.1(a); (PSR ¶ 32.)

[13] U.S.S.G. §§ 3E1.1(a), (b).

[14] "[Y]ou were very much aware of the fact that your criminal history at that time [of your first arrest] was a level 1and probably you received some benefits . . . so I don't believe [your criminal history] is overstated in any way quite frankly." (Appendix vol. II at A40-A41.)

7

Skipping the second prong, as no departure motions were made, we turn to whether the Court gave meaningful consideration to the § 3553(a) sentencing factors and applied them appropriately to the facts of the case. Appellant cited a number of mitigating factors in an attempt to justify the imposition of a sentence reduction, including "his motive for returning to the United States," assurances he would not again repeat the offense, the extra hardships of his immigration status, and "his severe medical problems." (Appellant Br. at 15-16.)[15] The District Court, during sentencing, discussed these issues, related them to the § 3553(a) factors, and explained why they did not justify a variance: "[s]o I've considered your history and characteristics in addressing the request for a downward departure or a variance, I really didn't find a true basis to grant [one]." (Appendix vol. II at A41-A42.) The Court continued, discussing the seriousness of the offense and deterrence factors and addressing the support of the Appellant's family, finding them unpersuasive as to a variance. In sum, the Court found, "the Sentencing Guidelines accurately reflect a sentence that would be sufficient but not greater than necessary to reflect the seriousness of what occurred here . . . [a]nd I am confident that

---

[15] These overlap with the seven factors outlined under § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

the sentence I impose will be one that does in fact avoid unwarranted sentencing disparities."[16] (*Id.* at A41-A42.)

Our review of the record fails to show an abuse of discretion on the part of the District Court. "The sentencing court 'meaningful[ly] consider[ed]' the factors by 'acknowledg[ing] and respond[ing] to any properly presented sentencing argument which ha[d] colorable legal merit and a factual basis.'" *United States v. Kluger*, 722 F.3d 549, 567 (3d Cir. 2013) (quoting *United States v. Begin,* 696 F.3d 405, 411 (3d Cir. 2012)). The Court did not and need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Jackson,* 467 F.3d 834, 841 (3d Cir. 2006). The actions undertaken, in light of the consideration given to the Guideline range and the § 3553(a) factors, were procedurally reasonable.

Turning to substantive reasonableness, "our review is, to a great degree, deferential, because we recognize that the trial court is in the best position to determine the appropriate sentence." *United States v. Greenidge,* 495 F.3d 85, 102 (3d Cir. 2007). The District Court has the decision-making authority to sentence a defendant, and we will not, even if "[we] might reasonably have concluded that a different sentence was appropriate," disturb such a sentence that, given the facts of the case, is substantively reasonable. *Gall*, 552 U.S. at 51. ; *see also Rita v. United States*, 551 U.S. 338, 356 (2007). Furthermore, as long as "the district court's sentence is procedurally sound, we

---

[16] The Court addressed the medical issue of Appellant, stating, "I'm very sorry for what you have endured, quite frankly, with your medical condition," yet the Court did not consider the condition to be one that warranted a sentence reduction. (Appendix at A41.)

will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko,* 562 F.3d at 568. Here, we do not find that no other reasonable sentencing court would have imposed the sentence. At bottom, because this sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the [facts and] § 3553(a) factors," we must affirm. *SeeWise*, 515 F.3d at 218.

## IV.

For the foregoing reasons, we affirm the sentence entered against Appellant.